■ HANNA F. SULNER, Respondent, v ALBERT D. TRAVER, Appellant.— In an action on a promissory note, commenced by service of a summons with notice of motion for summary judgment in lieu of complaint, defendant appeals from a judgment of the Supreme Court, Dutchess County, dated December 11, 1978, which is in favor of the plaintiff upon the granting of her motion. Judgment reversed, with $50 costs and disbursements, and motion denied. In this action on a promissory note, plaintiff has proceeded by · way of notice of motion for summary judgment in lieu of serving a complaint. The promissory note allegedly represents the balance due to the plaintiff, a handwriting expert, for services rendered on behalf of the defendant in the latter's defense of a criminal prosecution. Defendant now seeks to avoid the promissory note by alleging that it was executed in circumstances of duress. Because the allegations of duress are implicitly supported by plaintiff's own reply affidavit, wherein she fails to substantiate a $1,600 discrepancy between the amount she seeks to recover and the amount agreed to be paid according to her own detailing of services rendered judgment should not have been summarily granted to the plaintiff. Pivotal to the defendant's defense of a criminal prosecution for three counts of perjury as a felony was the theory that a particular document, allegedly prepared by the defendant, was in fact forged. In preparation of this defense, plaintiff was retained to examine certain material ($500), prepare photographic exhibits ($450), and testify ($950 for the first court appearance and $600 for each additional appearance). This agreement was committed to writing and was signed by the plaintiff and by defense counsel. On the morning of plaintiff's third court appearance, and second day of actually testifying, she presented an itemized memorandum of services rendered amounting to $7,021, which sum was discounted to $6,450. In a separate document, plaintiff acknowledged payment of $2,800, thereby leaving an alleged balance of $3,650. Thereupon, the $3,650 promissory note which is the subject of this suit was executed. Defendant has submitted an affidavit opposing plaintiff's motion for summary judgment on the ground, *inter alia,* of duress. This position is supported by the affidavit of his defense counsel in the criminal action in which counsel avers that the promissory note was executed only because of plaintiff's threat to not testify unless defendant

agreed to pay the additional sums. Fearing that plaintiff's failure to testify would result in a guilty verdict, the defendant allegedly felt compelled to execute the promissory note. Plaintiff served a reply affidavit in which she claims that the additional sum of $3,650 reflected by the promissory note, was owed pursuant to a subsequent oral agreement to, *inter alia,* examine additional materials and prepare supplemental exhibits. This extra work was to be compensated on an hourly basis and plaintiff detailed the hours spent and sums owed. Fully crediting plaintiff for all sums which she claims to be owed pursuant to the oral agreement, added to the sums owed under the original written agreement, there is a total of $4,850. Deducting the $2,800 which plaintiff acknowledges she received, there is a remaining balance of $2,050. This sum is $1,600 (or approximately 43%) less than the amount plaintiff seeks to recover on the promissory note. The wholly unexplained discrepancy lends substantial credence to defendant's allegations of duress. Generally, duress is a question of fact which looks to how the state of mind of the alleged victim may have been affected by a threat or circumstances of extreme necessity or distress which may preclude the exercise of free will (see 17 NY Jur, Duress and Undue Influence, § 3). The defendant wholly depended upon the persuasive impact of favorable testimony from the plaintiff to avoid a guilty verdict and its attendant consequences of incarceration and the ruination of his career and reputation. Plaintiff's alleged threat of nonperformance by refusing to testify constitutes no mere breach of contract. Money damages would be of little solace to an imprisoned defendant. Nor, in view of the complex subtlety of a jury trial, can the devastating consequences of either examining plaintiff as a hostile witness or of getting a continuance to secure another expert witness be underestimated. A jury may well view such circumstances as creating an atmosphere of duress. The defendant's claims, although somewhat conclusory, gain credence upon consideration of plaintiff's reply affidavit. Rather than substantiating the *bona fides* of the promissory note, she has submitted an accounting which shows that she is entitled to $1,600 less than she now claims. This discrepancy necessarily casts suspicion upon the circumstances surrounding the execution of the note. The procedure authorized by CPLR 3213 is designed to provide a summary method of disposition to those cases which are presumptively meritorious because they are based upon a judgment or on an instrument for money only (4 Weinstein-Korn-Miller, NY Civ Prac, par 3213.01; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3213:1, p 828) which can be readily substantiated by affidavits containing evidentiary detail (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3213:8, p 835). Rather than clearly establishing the defendant's liability, the discrepancy in plaintiff's papers serves only to cast doubt on the presumption of merit. In view of the material issue of fact concerning the defense of duress, and the interrelated issue of the *bona fides* of the promissory note, this is not a proper case for summary disposition pursuant to CPLR 3213. Accordingly, plaintiff's motion for summary judgment should have been denied. Rabin, J. P., Cohalan, O'Connor and Weinstein, JJ., concur.