■ BANKERS TRUST COMPANY OF CALIFORNIA, N.A., Respondent, v VIRGINIA J. SCIARPELLETTI, Appellant, MERRILL LYNCH CREDIT CORPORATION, Respondent, et al., Defendants. [816 NYS2d 71]—

In an action to foreclose a mortgage, the defendant Virginia J. Sciarpelletti appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered February 10, 2004, as, upon an order of the same court entered January 21, 2004, granting the motion of the plaintiff and the defendant Merrill Lynch Credit Corporation for summary judgment dismissing her affirmative defenses, counterclaims, and cross claims insofar as asserted against them, and for summary judgment in favor of the plaintiff and against her, and denying those branches of her cross motion which were, in effect, for summary judgment dismissing the amended complaint insofar as asserted against her, and for judgment on her counterclaims against the plaintiff and on her cross claims against the defendant Merrill Lynch Credit Corporation, dismissed the affirmative defenses, counterclaims, and cross claims insofar as asserted against the plaintiff and the defendant Merrill Lynch Credit Corporation and is in favor of the plaintiff and against her in the total sum of $100,813.44.

Ordered that the judgment is modified, on the law, by (1) deleting the first and second decretal paragraphs thereof, in effect, dismissing the affirmative defenses, counterclaims, and cross claims of the defendant Virginia J. Sciarpelletti insofar as asserted against the plaintiff and the defendant Merrill Lynch Credit Corporation, and substituting therefor the following two decretal paragraphs:

"Ordered, adjudged, and decreed that all affirmative defenses and counterclaims asserted by the defendant Virginia J. Sciarpelletti against the plaintiff, except those asserting the doctrine of accord and satisfaction, are dismissed; and it is further,

"Ordered, adjudged, and decreed that all affirmative defenses and cross claims asserted by the defendant Virginia J. Sciarpelletti against the defendant Merrill Lynch Credit Corporation, except those asserting a partial diversion of mortgage proceeds totaling $91,889.63, are dismissed; and it is further," and (2) deleting the fourth and fifth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the order entered January 21, 2004, is modified accordingly.

On December 5, 1996, the defendant Merrill Lynch Credit Corporation (hereinafter Merrill Lynch), loaned the defendant Virginia J. Sciarpelletti the sum of $738,000. This loan was secured by two mortgages and two notes that Sciarpelletti duly executed and delivered to Merrill Lynch. The first mortgage, in the amount of $600,000, was assigned by Merrill Lynch to the plaintiff, Bankers' Trust Company of California, N.A. (hereinafter Bankers' Trust). The second mortgage, in the amount of $138,000, was retained by Merrill Lynch.

On June 1, 1997, Sciarpelletti ceased making her mortgage payments. By letter dated December 28, 1998, Sciarpelletti requested from Merrill Lynch a statement of the balances for both mortgages, stating that she wanted to "pay everything off." In addition, Sciarpelletti did not pay real estate taxes due on the property between the years of 1996 through 2001. On June 25, 2001, and June 26, 2001, Cendant Mortgage Corporation (hereinafter Cendant), as the loan servicer for both Bankers' Trust and Merrill Lynch, paid the Town of Yorktown the total sum of $298,208.49 in real estate taxes owed on the mortgaged property.

On July 26, 2001, Bankers' Trust commenced this action to foreclose the mortgage which was assigned to it. In her answer, Sciarpelletti asserted, inter alia, certain affirmative defenses and counterclaims in the nature of setoffs which alleged, among other things, in effect, that Merrill Lynch failed to distribute all

of the proceeds of the second mortgage to which she was entitled, thereby causing her to sustain damages and, alternatively, that Merrill Lynch diverted $91,889.63 of the loan proceeds from the second mortgage to payees not authorized by Sciarpelletti to receive such payments.

In 2002, Bankers' Trust moved, inter alia, for summary judgment on its cause of action to foreclose the first mortgage and dismissing all of Sciarpelletti's defenses and counterclaims insofar as asserted against it. Sciarpelletti cross-moved, inter alia, for summary judgment. By order dated March 4, 2002, the plaintiff's motion was granted and Sciarpelletti's cross motion was denied. The plaintiff, however, did not enter a judgment of foreclosure and, subsequent to the March 4, 2002, order, Sciarpelletti entered into a contract to sell the mortgaged property and attempted to satisfy the mortgage before a judgment could be entered.

Sciarpelletti requested separate payoff letters from Cendant for each mortgage. In a letter dated March 12, 2002, Cendant stated that the amount due on the first mortgage was $1,091,553.79 (which included a "recoverable balance" of $228,549.55). In a separate letter of the same date, Cendant revised the amount due on the first mortgage to include, by handwritten provisions, $44,823.11 in attorney's fees and a $67.81 late fee, raising the total due to $1,136,444.71. Upon receipt of the payoff letters, Sciarpelletti, through her title company, paid the revised total requested without question. Eight months later, Cendant discovered that the two payoff letters did not include $96,708 in real estate taxes which had accrued under the note and mortgage assigned to Bankers' Trust and which had been paid by Bankers' Trust. A letter demanding payment for $96,708 was sent to Sciarpelletti in November 2002.

In September 2003 Bankers' Trust moved for leave to amend the complaint to include a claim for the real estate taxes it had paid that were not included in the March 12, 2002, payoff letters. By order dated October 7, 2003, the Supreme Court granted Bankers' Trust's motion. Sciarpelletti interposed her amended answer on or about October 22, 2003.

In November 2003 Bankers' Trust and Merrill Lynch moved for summary judgment dismissing all affirmative defenses, counterclaims, and cross claims asserted by Sciarpelletti insofar as asserted against them and for summary judgment in favor of Bankers' Trust. Sciarpelletti cross-moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against her, and for judgment on her counterclaims and cross claims. By order entered January 21, 2004, the Supreme

Court granted the motion of Bankers' Trust and Merrill Lynch and denied Sciarpelletti's cross motion. Judgment was entered on February 10, 2004, and this appeal ensued.

Sciarpelletti alleges that the attorney's fees handwritten into the March 12, 2002, payoff letters were excessive or otherwise improper and asserts that all such sums were paid under duress only to facilitate the closing. Sciarpelletti, however, failed to establish that she was entitled to the return of the attorney's fees she paid as part of the payoff of the two loans. Sciarpelletti paid such fees pursuant to the contractual agreement voluntarily and without objection. We agree with the Supreme Court that Sciarpelletti's claim of duress is without merit (*see Sulner v Traver*, 75 AD2d 616, 617 [1980]). Thus, the Supreme Court properly granted those branches of the motion of Bankers' Trust and Merrill Lynch which were for summary judgment dismissing Sciarpelletti's affirmative defenses, counterclaims, and cross claims insofar as asserted against them to the extent that Sciarpelletti sought, via recoupment or offset, recovery of attorney's fees due pursuant to the terms of the notes secured by the subject mortgages.

However, Sciarpelletti's affirmative defense alleging an accord and satisfaction based upon her payment of the amount set forth by Cendant in the March 12, 2002, payoff letters raises triable issues of fact that cannot be summarily determined on this record. "As a general rule, acceptance of [payment] in full settlement of a disputed unliquidated claim operates as an accord and satisfaction discharging the claim" (*Merrill Lynch Realty/Carll Burr, Inc. v Skinner*, 63 NY2d 590, 596 [1984]). Here, Sciarpelletti contacted Cendant and asked that she be faxed or mailed a statement regarding her mortgage balances because she wanted to "pay everything off." Cendant responded by two letters dated March 12, 2002. The letters included an itemized breakdown of what Sciarpelletti owed. Included therein was an item labeled "Recoverable Balance" in the amount of $228,549.55. The omission in the payoff letter of real estate taxes paid on the mortgaged property raises a triable issue of fact as to whether the "Recoverable Balance" included, in part, any portion of those taxes and whether there was an accord and satisfaction.

A triable issue of fact also exists as to Sciarpelletti's defense based on her claim that the loan proceeds disbursed to General Mortgage Company (hereinafter GMC), Stein & Stein, and Herbert Posner were never authorized. Supporting Sciarpelletti's assertion, the United States Department of Housing (hereinafter HUD) settlement statements indicated authorized pay-

ments to Posner subsumed in a payoff to another creditor. The HUD statements also showed that Sciarpelletti authorized payments to GMC for the origination fees due it but did not indicate authorized disbursements to GMC due to the loan or to Stein & Stein. The record also reflected that payments were made to the indicated alleged creditors of Sciarpelletti by Merrill Lynch. Although Merrill Lynch claims such payments were authorized and that no objection was ever raised as to those payments, the proof submitted in support of the motion does not adequately explain the apparent inconsistencies contained and authorized in the HUD statements with actual payments made. Thus, an additional issue of fact exists as to what payments, if any, were made without proper authorization.

Sciarpelletti's remaining contentions, improperly raised for the first time on appeal, have not been considered (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 571 [2004]). Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.