■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE7, Respon-

dent, v LANA LEIGH, Appellant, et al., Defendants. [28 NYS3d 86]—

In an action to foreclose a mortgage, the defendant Lana Leigh appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Nassau County (Adams, J.), dated June 29, 2014, and (2) so much of an order of the same court, also dated June 29, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint.

Ordered that the appeal from the first order dated June 29, 2014 is dismissed, as that order was superseded by the second order dated June 29, 2014; and it is further,

Ordered that the second order dated June 29, 2014 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In this action to foreclose a mortgage, the complaint alleges, in relevant part, that the plaintiff is the holder of a certain note signed by the appellant on February 23, 2007, which was secured by a mortgage on the subject property. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint. On appeal, the appellant contends that the plaintiff failed to establish its standing to maintain this action.

Contrary to the appellant's contention, the plaintiff established its standing as the holder of the note and mortgage by demonstrating that the note was in its possession and the mortgage had been assigned to it prior to the commencement of the action, as evidenced by its attachment of the endorsed note, the mortgage, and the mortgage assignment to the summons and complaint at the time the action was commenced (see Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152 [2015]).

In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the appellant failed to raise a triable issue of fact (see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001 [2015]; One W. Bank, FSB v DiPilato, 124 AD3d 735 [2015]). The appellant's remaining contention is without merit. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.