■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the CERTIFICATE HOLDERS OF SOUNDVIEW HOME LOAN TRUST 2006-OPT2, ASSET-BACKED CERTIFICATES, SERIES 2006-OPT2, Appellant, v MICHAEL NAUGHTON et al., Defendants. [28 NYS3d 444]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered April 17, 2013, which, in effect, denied that branch of its unopposed motion which was for summary judgment dismissing the defendant Michael Naughton's first, third, and fourth affirmative defenses, which asserted lack of standing.

Ordered that the order is reversed, on the law, with costs, and that branch of the plaintiff's unopposed motion which was for summary judgment dismissing the defendant Michael Naughton's first, third, and fourth affirmative defenses, which asserted lack of standing, is granted.

In this action to foreclose a mortgage, the plaintiff moved for summary judgment dismissing the defendant Michael Naughton's affirmative defenses and counterclaims. In relevant part, Naughton's first, third, and fourth affirmative defenses asserted that the plaintiff lacked standing. For the plaintiff to establish its prima facie entitlement to judgment as a matter of law dismissing those affirmative defenses, it had to demonstrate that it was the holder or assignee of the subject note when the action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *Wells Fargo Bank, N.A. v*

*Rooney*, 132 AD3d 980 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Deutsche Bank Natl. Trust Co. v Weiss*, 133 AD3d 704 [2015]).

Here, the plaintiff submitted an affidavit of James Brantley, a vice president of its loan servicer. Brantley averred that, based on his personal knowledge and his review of the books and business records maintained by the plaintiff, the loan servicer, and their agents in the ordinary course of business with respect to the mortgage loan, the note and mortgage "were physically transferred to" the plaintiff on or about April 7, 2006. Through Brantley's affidavit, the plaintiff established, prima facie, that it has standing to prosecute this action because it was in possession of the note before the November 2009 commencement of this action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 359-361; *Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099 [2015]; *LNV Corp. v Francois*, 134 AD3d 1071 [2015]; *JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d 903 [2015]). The failure of Brantley's affidavit to include a certificate of conformity pursuant to CPLR 2309 (c) was not fatal (*see* CPLR 2001; *Seiden v Sonstein*, 127 AD3d 1158, 1161-1162 [2015]; *Midfirst Bank v Agho*, 121 AD3d 343, 349, 351-352 [2014]; *Mack-Cali Realty, L.P. v Everfoam Insulation Sys., Inc.*, 110 AD3d 680, 682 [2013]). Since the plaintiff established its standing by physical delivery of the note, we need not address the validity of the subsequent assignment to it of the mortgage (*see Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]).

The Supreme Court rejected Naughton's opposition papers on the ground that they were served in violation of CPLR 2214. Thus, Naughton failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law dismissing his first, third, and fourth affirmative defenses (*see Nationstar Mtge., LLC v Wong*, 132 AD3d 825, 826 [2015]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 842 [2015]; *Midfirst Bank v Agho*, 121 AD3d at 351). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing those affirmative defenses.

We do not address the plaintiff's arguments regarding those branches of its motion which were for summary judgment dismissing Naughton's remaining 13 affirmative defenses and

six counterclaims. The Supreme Court did not grant or deny those branches of the plaintiff's motion, and accordingly, they remain pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]). Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.