■ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant, v YAKAPUTZ II, INC., Respondent, et al., Defendants. [35 NYS3d 236]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Toussaint, J.), dated May 20, 2015, which denied its motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.

To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the note, and evidence of a default (*see HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1206-1207 [2015]). Where as here, standing is placed in issue, the plaintiff is required to prove its standing in

order to be entitled to relief (*see Deutsche Bank Natl. Trust Co. v Weiss*, 133 AD3d 704, 705 [2015]; *Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]).

Here, the plaintiff established its standing as holder of the note by demonstrating that the note was in its possession and had been endorsed to it prior to the commencement of the action, as evidenced by its attachment of the endorsed note to the complaint (*see Deutsche Bank Natl. Trust Co. v Leigh*, 137 AD3d 841, 842 [2016]; *Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151, 1152 [2015]). As additional proof of its standing, the plaintiff also submitted, among other things, the affidavit of its senior asset manager, who averred that the underlying note was endorsed and delivered to the plaintiff by the prior holder of the note on September 27, 2007, that the plaintiff has been the holder of the note continuously since that date, and that the plaintiff was the holder of the note at the time of the commencement of the action (*see Citimortgage, Inc. v Klein*, 140 AD3d 913 [2d Dept 2016]).

Moreover, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (*see U.S. Bank N.A. v Denaro*, 98 AD3d 964 [2012]; *Washington Mut. Bank, F.A. v O'Connor*, 63 AD3d 832 [2009]). On the question of whether there was a default, a copy of an order appointing a receiver for the property in 2009 based upon the alleged default was submitted by the plaintiff to establish a prima facie case. Further, the borrower, the defendant Yakaputz II, Inc. (hereinafter the defendant), acknowledged in an agreement that it was in default. In addition, the affidavits submitted by the plaintiff in support of its motion for summary judgment were in admissible form (*see Midfirst Bank v Agho*, 121 AD3d 343 [2014]). In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact.

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.