■ CITIMORTGAGE, INC., Appellant, v GARETH P. McKINNEY, Respondent, et al., Defendants. [42 NYS3d 302]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Wade, J.), dated March 1, 2016, which denied its motion for summary judgment on the complaint and for an order of reference.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint and for an order of reference is granted.

The plaintiff commenced this action to foreclose a mortgage. The plaintiff appeals from an order denying its motion for summary judgment on the complaint and for an order of reference.

" 'Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default' " (*North Am. Sav. Bank, FSB v Esposito-Como*, 141 AD3d 706, 708 [2016], quoting *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). "Additionally, where, as here, the plaintiff's standing is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing" (*Flagstar Bank, FSB v Mendoza*, 139 AD3d 898, 899 [2016]). "A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (*Federal Natl. Mtge. Assn. v Yakaputz II, Inc.*, 141 AD3d 506, 507 [2016]). " 'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident' " (*id.* at 507, quoting *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]).

Here, in support of its motion for summary judgment, the plaintiff submitted the mortgage, the unpaid note, and evidence of default. In addition, with respect to standing, the plaintiff submitted the affidavit of Natasha Stringer, who was employed by the plaintiff as a business operations analyst. Based on some of the plaintiff's business records, which were attached to the affidavit, Stringer asserted that the plaintiff had been in physical possession of the underlying note, which had been endorsed to it, since June 10, 2008, long before the commencement of this action in October 2014. Stringer further asserted that she was personally familiar with the plaintiff's record-keeping practices and procedures, the records were made in the regular course of business, it was the regular course of the plaintiff's business to make them, and the records were made at or near the time of the occurrence of the matters set forth in the records. This was sufficient to establish, prima facie, that the plaintiff was the holder of the note at the time the action was commenced (*see* CPLR 4518 [a]; *Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 359-362 [2015]; *Deutsche Bank Natl. Trust Co. v Naughton*, 137 AD3d 1199, 1200 [2016]; *Citimortgage, Inc. v Espinal*, 134 AD3d 876, 877-878 [2015]). Contrary to the contention of the defendant Gareth P. McKinney, in order to meet its prima facie burden, the plaintiff was not required to submit proof that the person who endorsed the subject note to the plaintiff on behalf of the original lender was authorized to do so. A signature on a negotiable instrument "is presumed to be genuine or authorized" (UCC 3-307 [1] [b]; *see In re*

*Richmond*, 534 BR 479, 487 [Bankr ED NY 2015], *affd* 2016 WL 743397, 2016 US Dist LEXIS 22396 [ED NY, Feb. 22, 2016, 15 Civ 04980 (AMD), 15 Civ 05201 (AMD), 14-41678-CEC (Bankruptcy)]; *In re Phillips*, 491 BR 255, 272-273 [Bankr D Nev 2013]). Since the plaintiff established its standing by physical delivery of the note, we need not address the validity of the subsequent written assignment to it of the mortgage (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Deutsche Bank Natl. Trust Co. v Naughton*, 137 AD3d at 1200). In opposition to the plaintiff's prima facie showing, McKinney failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint and for an order of reference. Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.