■ U.S. BANK NATIONAL ASSOCIATION, as Trustee for BANC OF AMERICA FUNDING 2006-1, Respondent, v MUTHIAH SARAVANAN, Appellant, et al., Defendants. [45 NYS3d 547]—

In an action to foreclose a mortgage, the defendant Muthiah Saravanan appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated October 17, 2014, as, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the

complaint insofar as asserted against him and to appoint a referee to compute the amount due.

Ordered that the order is affirmed insofar as appealed from, with costs.

To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the note, and evidence of default (*see JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 644 [2016]; *Federal Natl. Mtge. Assn. v Yakaputz II, Inc.*, 141 AD3d 506 [2016]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1206-1207 [2015]; *US Bank N.A. v Weinman*, 123 AD3d 1108, 1109 [2014]). In addition, where, as here, standing is placed in issue by a defendant, the plaintiff is required to prove its standing in order to be entitled to relief (*see JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d at 644; *Federal Natl. Mtge. Assn. v Yakaputz II, Inc.*, 141 AD3d at 506-507; *Deutsche Bank Natl. Trust Co. v Weiss*, 133 AD3d 704, 705 [2015]). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Federal Natl. Mtge. Assn. v Yakaputz II, Inc.*, 141 AD3d at 507).

Here, the plaintiff established its standing as the holder of the note by demonstrating that the note was in its possession prior to the commencement of the action, as evidenced by its attachment of the endorsed note to the summons and complaint at the time the action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362; *JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d at 645; *Deutsche Bank Natl. Trust Co. v Leigh*, 137 AD3d 841, 842 [2016]; *Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151, 1152 [2015]). The plaintiff further sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and an affidavit of the loan servicer's assistant vice president establishing the appellant's default in repaying the mortgage loan (*see JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d at 645; *Federal Natl. Mtge. Assn. v Yakaputz II, Inc.*, 141 AD3d 506 [2016]; *Deutsche Bank Natl. Trust Co. v Naughton*, 137 AD3d 1199, 1200 [2016]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1206-1207).

In opposition, the appellant failed to raise a triable issue of

fact. As a mortgagor whose loan is owned by a trust, the appellant does not have standing to challenge the plaintiff's possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the relevant pooling and servicing agreement (*see Bank of Am. N.A. v Patino*, 128 AD3d 994, 995 [2015]; *Wells Fargo Bank, N.A. v Erobobo*, 127 AD3d 1176, 1178 [2015]; *Bank of N.Y. Mellon v Gales*, 116 AD3d 723, 725 [2014]).

Accordingly, the Supreme Court properly, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant and to appoint a referee to compute the amount due. Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.