Wells Fargo Bank, N.A. v Frankson (2018 NY Slip Op 00328)





Wells Fargo Bank, N.A. v Frankson


2018 NY Slip Op 00328


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2016-03145
2016-03148
 (Index No. 5437/10)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Susan Frankson, et al., appellants, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Juan Paolo F. Dizon of counsel), for appellants.
McGlinchey Stafford PLLC, New York, NY (Mitra P. Singh and Victor L. Matthews of counsel), for respondent.



DECISION & ORDER
Appeals from two orders of the Supreme Court, Kings County (Peter P. Sweeney, J.), both dated December 17, 2015. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Susan Frankson and Michelle Roberts and, in effect, for an order of reference. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Susan Frankson and Michelle Roberts and, in effect, for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from so much of the first order dated December 17, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Susan Frankson and Michelle Roberts and, in effect, for an order of reference is dismissed, as those portions of the order were superseded by the second order dated December 17, 2015; and it is further,
ORDERED that the second order dated December 17, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Additionally, where, as here, standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief (see Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355). A plaintiff in a mortgage foreclosure action has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; U.S. Bank N.A. v Handler, 140 AD3d 948, 949). Either a written assignment of the underlying note or the physical [*2]delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, the plaintiff demonstrated, prima facie, that it was the holder of the note at the time the action was commenced, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint at the time the action was commenced (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866; JP Morgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1223; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842). Furthermore, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and an affidavit of its loan servicer's document control officer, attesting to the borrower's default under the terms of the loan (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d at 842). In opposition, the defendants Susan Frankson and Michelle Roberts (hereinafter the defendants) failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and, in effect, for an order of reference.
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court