Deutsche Bank National Trust Co. v Al Rasheed (2019 NY Slip Op 01181)





Deutsche Bank National Trust Co. v Al Rasheed


2019 NY Slip Op 01181


Decided on February 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2019

Richter, J.P., Manzanet-Daniels, Kapnick, Gesmer, Oing, JJ.


8435 32003/16E

[*1]Deutsche Bank National Trust Company, etc., Plaintiff-Respondent,
v
Arshad Al Rasheed, etc., Defendant-Appellant, City of New York Environmental Control Board, et al. Defendants.


Petroff Amshen LLP, Brooklyn (Christopher Villanti of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester (Austin T. Shufelt of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered September 15, 2017, which, inter alia, granted plaintiff's motion for summary judgment on its foreclosure complaint against defendant Arshad Al Rasheed, unanimously affirmed, without costs.
Plaintiff made a prima facie showing of its right to foreclose by producing the mortgage documents, the unpaid note, and evidence of defendant's default (see Red Tulip, LLC v Neiva, 44 AD3d 204, 209 [1st Dept 2007], lv dismissed 10 NY3d 741 [2008]). It established prima facie that it had standing to foreclose as holder of the note by attaching a copy of the indorsed note to the summons and complaint at the time the action was commenced (see U.S. Bank N.A. v Saravanan, 146 AD3d 1010 [2d Dept 2017]). It demonstrated its compliance with the notice requirements of RPAPL 1304 by submitting copies of the notices with an affidavit by an employee of the loan servicer stating, based on her review of the loan servicer's records, that the notice of default and a 90-day foreclosure notice were mailed to defendant in accordance with the provisions of the mortgage and RPAPL 1304, respectively (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826-827 [2d Dept 2017]).
In opposition, defendant failed to raise an issue of fact as to his affirmative defenses (see Red Tulip, 44 AD3d at 209).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 19, 2019
CLERK