JPMorgan Chase Bank, Natl. Assn. v Mi Hyang Yang (2019 NY Slip Op 01580)





JPMorgan Chase Bank, Natl. Assn. v Mi Hyang Yang


2019 NY Slip Op 01580


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-11651
 (Index No. 33184/13)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Mi Hyang Yang, appellant, et al., defendants.


Allen A. Kolber, Suffern, NY, for appellant.
Fein, Such & Crane, LLP (Parker Ibrahim & Berg LLC, New York, NY [Scott W. Parker], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mi Hyang Yang appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated September 28, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, the originator of the mortgage loan in question, commenced this mortgage foreclosure action in May 2013 and annexed a copy of the note, endorsed in blank, to the complaint. The defendant Mi Hyang Yang (hereinafter the defendant) interposed an answer generally denying the allegations in the complaint and asserting various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The Supreme Court granted that relief, and the defendant appeals.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). However, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242).
Here, the plaintiff, who is the original lender, established its standing to commence the action by demonstrating that it was the originator of the loan and still had physical possession of the note at the time it commenced the action, as evidenced by its attachment of a copy of the note to its complaint (see Bank of N.Y. Mellon v Theobalds, 161 AD3d 1137, 1138; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). The plaintiff further sustained its [*2]burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting copies of the mortgage, the note, and evidence of the defendant's default in repaying the mortgage loan (see U.S. Bank N.A. v Saravanan, 146 AD3d at 1011).
In opposition, the defendant asserted that plaintiff sold the note to Federal Home Loan Mortgage Corporation (hereinafter Freddie Mac) and therefore did not have standing. In reply, the plaintiff acknowledged that Freddie Mac "may have indeed purchased this loan following origination, and that [the] plaintiff became the servicer of the loan." However, the plaintiff retained possession of the original note and therefore retained standing (see Citimortgage, Inc. v Espinal, 134 AD3d 876, 880). Further, the plaintiff submitted evidence that under the Freddie Mac servicing guidelines, the plaintiff, as servicer of the loan, was obligated to initiate foreclosure proceedings in its own name and therefore retained standing (id.).
Since the defendant failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court