U.S. Bank N.A. v Echevarria (2019 NY Slip Op 02740)





U.S. Bank N.A. v Echevarria


2019 NY Slip Op 02740


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-11698
 (Index No. 23663/12)

[*1]U.S. Bank National Association, etc., respondent,
v
Myrta Echevarria, et al., appellants, et al., defendants.


McCallion & Associates LLP, New York, NY (Kenneth F. McCallion of counsel),
for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Jason P. Dionisio and Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Myrta Echevarria and Paul Hurley appeal from an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated August 24, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment dismissing those defendants' affirmative defenses alleging lack of standing, lack of compliance with RPAPL 1302, 1303, and 1304, and violations of the Banking Law.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2006, the defendant Paul Hurley executed an adjustable rate note in favor of Chevy Chase Bank, F.S.B. (hereinafter Chevy Chase), which was secured by a mortgage that he and the defendant Myrta Echevarria (hereinafter together the defendants) executed, encumbering certain residential property located in East Hampton. In August 2012, the plaintiff commenced this action against the defendants and others to foreclose the mortgage. Annexed to the complaint was a copy of the note, which had been endorsed to the plaintiff. The defendants interposed an answer with various affirmative defenses, alleging, inter alia, that the plaintiff lacked standing, failed to comply with RPAPL 1302, 1303, and 1304, and violated certain provisions of the Banking Law. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint. The defendants opposed the motion, but did not raise any arguments in support of their affirmative defenses alleging that the plaintiff failed to comply with RPAPL 1302, 1303, and 1304, and violated certain provisions of the Banking Law. The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendants' affirmative defenses alleging that the plaintiff lacked standing, failed to comply with RPAPL 1302, 1303, and 1304, and violated certain provisions of the Banking Law. As for the statutes governing pleading and notice requirements, the Supreme Court found that the subject loan did not satisfy the statutory criteria of a "home loan" (RPAPL 1304[6][a]), as the subject property was a second home and not the defendants' primary residence. The defendants appeal.
Where, as here, a defendant raises lack of standing as a defense, the plaintiff bears [*2]the burden of demonstrating its standing (see Nationstar Mtge., LLC v Balducci, 165 AD3d 959, 960; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 725). A plaintiff establishes its standing to commence a foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 725; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; U.S. Bank, N.A. v Noble, 144 AD3d 786, 786).
Contrary to the defendants' contentions, on its motion for summary judgment, the plaintiff, which annexed a copy of the note endorsed to the plaintiff to the complaint at the time the action was commenced, established, prima facie, its standing (see Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545, 546; CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041; U.S. Bank N.A. v Henry, 157 AD3d 839, 841; U.S. Bank N.A. v Saravanan, 146 AD3d 1010). In opposition, the defendants failed to raise a triable issue of fact as to the plaintiff's standing. The defendants' contentions regarding the validity of the mortgage assignment are irrelevant (see Silvergate Bank v Calkula Props., Inc., 150 AD3d 1295, 1296; New York Community Bank v McClendon, 138 AD3d 805, 807). In addition, the defendants' challenge to the note's endorsement is unsupported and without merit (see UCC 3-307[1][b]; CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074). Accordingly, we agree with the Supreme Court's grant of that branch of the plaintiffs motion which was for summary judgment dismissing the defendants' affirmative defenses alleging lack of standing.
The plaintiff also demonstrated, prima facie, that RPAPL 1302, 1303, and 1304, and former Banking Law § 6-l, Banking Law § 6-m, and Banking Law § 595-a were inapplicable to this action (see former Banking Law § 6-l; Banking Law §§ 6-m[4], 595-a; Lewis v Wells Fargo Bank, N.A., 134 AD3d 777, 778-779; Mendel Group, Inc. v Prince, 114 AD3d 732, 733; Horizons Invs. Corp. v Brecevich, 104 AD3d 475, 475; Pritchard v Curtis, 101 AD3d 1502, 1504 n 1; Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d 1169, 1171). The defendants, who did not oppose those branches of the plaintiff's motion which were for summary judgment dismissing the affirmative defenses alleging failure to comply with, or violation of, these statutes, failed to raise a triable issue of fact (see Deutsche Bank Natl. Trust Co. v Naughton, 137 AD3d 1199, 1200; Citimortgage, Inc. v Chow Ming Tung, 126 AD3d 841, 842). Accordingly, we agree with the Supreme Court's grant of those branches of the plaintiff's motion.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court