Cenlar FSB v Tenenbaum (2019 NY Slip Op 03563)





Cenlar FSB v Tenenbaum


2019 NY Slip Op 03563


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-07903
 (Index No. 507745/14)

[*1]Cenlar FSB, respondent, 
v
Isaac Tenenbaum, et al., appellants, et al., defendants.


Joseph J. Haspel, Goshen, NY, for appellants.
McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Allison J. Sanders and Mars Khaimov of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Isaac Tenenbaum and 650-141 Realty, LLC, appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 5, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2001, the defendant Isaac Tenenbaum executed a promissory note in the amount of $240,000 in favor of Olympia Mortgage Corp. (hereinafter Olympia) which was secured by a mortgage encumbering real property in Brooklyn. By deed dated December 11, 2012, Tenenbaum transferred his interest in the mortgaged property to the defendant 650-141 Realty, LLC. Tenenbaum defaulted on the loan by failing to make the monthly installment payment due June 1, 2013, or any payments thereafter. In August 2014, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants Tenenbaum and 650-141 Realty, LLC (hereinafter together the defendants). The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants. The defendants opposed the motion. The Supreme Court granted the motion, and the defendants appeal.
Where a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff has standing to commence a foreclosure action where it is either the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786). Here, contrary to the defendants' contentions, the plaintiff demonstrated, prima facie, its standing to commence the action since the note, endorsed in blank, was attached as an exhibit to the complaint. This alone was sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the note at the time the action was commenced (see U.S. Bank N.A. v Henry, 157 AD3d 839, 841; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842; Emigrant Bank v Larizza, 129 AD3d 904, 905; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152). Moreover, the [*2]plaintiff submitted the affidavit of its employee who averred that the plaintiff had been in physical possession of the original endorsed note since November 1, 2004, which was prior to the commencement of the action. This evidence also established, prima facie, that the plaintiff had standing to commence the action (see Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 899; Rose Land & Fin. Corp. v Vassiliades, 142 AD3d 658, 659; CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074). In opposition, the defendants failed to raise a triable issue of fact (see Silvergate Bank v Calkula Props., Inc., 150 AD3d 1295, 1296; U.S. Bank, N.A. v Collymore, 68 AD3d 752).
The defendants waived the defense of setoff by not raising it as an affirmative defense in their answer (see CPLR 3018; Bankers Trust Co. of Cal., N.A. v Sciarpelletti, 28 AD3d 408, 409; Surlak v Surlak, 95 AD2d 371, 383). Even if that defense were to be considered, the defendants offered no evidence as to any outstanding monies owed to Tenenbaum by the original lender, Olympia, other than Tenenbaum's own self-serving statement that Olympia owed him $10 million (see First Intl. Bank of Israel v Blankstein & Son, 59 NY2d 436; Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705, 707; Carlin v Jemal, 68 AD3d 655, 655-656).
Contrary to the defendants' contention, the Supreme Court did not err in failing to deny the plaintiff's motion as premature, as the defendants offered mere hope and speculation that evidence sufficient to defeat the motion may be uncovered during the discovery process (see HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944; Reale v Tsoukas, 146 AD3d 833, 835).
Accordingly, we agree with the Supreme Court's granting of that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court