■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Respondent, v JANICE WOOD LOGAN, Appellant, et al., Defendants. [45 NYS3d 189]—

In an action to foreclose a mortgage, the defendant Janice Wood Logan appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Dutchess County (Brands, J.), dated October 28, 2014, and (2) so much of an order of the same court, also dated October 28, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer, and to appoint a referee to compute the amount due to the plaintiff, and, in effect, denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the appeal from the first order dated October 28, 2014, is dismissed, as the portions of the order appealed from were superseded by the second order dated October 28, 2014; and it is further,

Ordered that the second order dated October 28, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In September 2006, the defendant Janice Wood Logan executed a note in the sum of $304,000 in favor of nonparty

IndyMac Bank, F.S.B., which was secured by a mortgage against real property owned by Logan. On March 17, 2010, the plaintiff commenced this foreclosure action after Logan defaulted on her payment obligations under the note. The complaint alleged that the plaintiff was the holder of the note and mortgage. The note, which was endorsed in blank, was among several exhibits annexed to the complaint.

Logan answered the complaint, alleging, among other affirmative defenses, that the plaintiff lacked standing to maintain this foreclosure action. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Logan, to strike her answer, and to appoint a referee to compute the amount due to the plaintiff. Logan cross-moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court, inter alia, granted the aforementioned branches of the plaintiff's motion and, in effect, denied Logan's cross motion.

In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of the default in payment (*see HSBC Mtge. Servs., Inc. v Royal*, 142 AD3d 952 [2016]; *Midfirst Bank v Agho*, 121 AD3d 343, 347 [2014]). Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff additionally must prove its standing as part of its prima facie showing (*see Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 651 [2016]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]). "A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (*Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*Dyer Trust 2012-1 v Global World Realty, Inc.*, 140 AD3d 827, 828 [2016]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 644-645 [2016]).

Here, the plaintiff established, prima facie, that it had standing by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note to the summons and complaint at the time the action was commenced (*see JPMorgan Chase*

*Bank, N.A. v Weinberger*, 142 AD3d at 645; *Deutsche Bank Natl. Trust Co. v Leigh*, 137 AD3d 841, 842 [2016]; *Emigrant Bank v Larizza*, 129 AD3d 904, 905 [2015]; *Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151, 1152 [2015]). Contrary to Logan's contention, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (*JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d at 645; *see* UCC 3-204 [2]). Further, where the note is affixed to the complaint, "it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (*JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d at 645; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362).

Additionally, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of Logan's default in payment (*see HSBC Bank USA, N.A. v Baptiste*, 128 AD3d at 774). In opposition, Logan failed to raise a triable issue of fact.

Logan's remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Logan, to strike her answer, and to appoint a referee to compute the amount due to the plaintiff, and, in effect, denied Logan's cross motion for summary judgment dismissing the complaint insofar as asserted against her. Rivera, J.P., Austin, Roman and Connolly, JJ., concur.