Appeal from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated November 30, 2015. The order, insofar as appealed from, granted that branch of the plaintiffs motion which was for summary judgment on the complaint insofar as asserted against the defendant Boris Soskil, individually and as administrator of the estate of Tatyana Soskil, also known as Tatyana Simburg.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff commenced this action to foreclose a mortgage against, among others, Boris Soskil, individually and as administrator of the estate of Tatyana Soskil, also known as Tatyana Simburg (hereinafter the defendant). The plaintiff thereafter moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The Supreme Court granted that branch of the plaintiffs motion. The defendant appeals.
 

 “ ‘Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default’ ” (Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689 [2017], quoting Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1001 [2015]). However, where, as here, a plaintiffs standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726 [2017]; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974 [2014]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726). Either a written assignment of the underlying note or the physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011 [2017]; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862 [2017]).
 

 Here, the plaintiff established, prima facie, that it had standing by demonstrating that it had physical possession of the consolidated note at the time it commenced the action, as evidenced by its attachment of the note, which is endorsed in blank, to the summons and complaint (see Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313 [2017]; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 862; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868 [2016]). Additionally, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and the affidavit of Kimberly Jernee, a vice president of the plaintiff’s loan servicer, who attested to the borrower’s default in payment (see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 863).
 

 In opposition to the plaintiff’s prima facie showing, the defendant failed to raise a triable issue of fact (see Wells Fargo Bank, N.A. v Thomas, 150 AD3d at 1314; Wells Fargo Bank Minn., N.A. v Perez, 41 AD3d 590 [2007]).
 

 Accordingly, the Supreme Court properly granted that branch of the plaintiff’s motion which was for summary judgment on the complaint insofar as asserted against the defendant.
 

 Rivera, J.R, Hall, Miller and Duffy, JJ., concur.