Deutsche Bank Natl. Trust Co. v Cardona (2019 NY Slip Op 04135)





Deutsche Bank Natl. Trust Co. v Cardona


2019 NY Slip Op 04135


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-00096
 (Index No. 62853/14)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
John A. Cardona, appellant, et al., defendants.


Tirelli & Wallshein, PLLC, Melville, NY (Charles Wallshein of counsel), for appellant.
Leopold & Associates, PLLC (Greenberg Traurig, LLP, New York, NY [Marissa Banez], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John A. Cardona appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, J.), dated November 21, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant John A. Cardona, to strike the answer and affirmative defenses of that defendant, and for an order of reference, and, in effect, denied those branches of that defendant's cross motion which were pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him for lack of standing and to compel discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2003, the defendant John A. Cardona (hereinafter the defendant) executed a note in the sum of $430,000 in favor of nonparty Argent Mortgage Company for a loan that was secured by a mortgage on real property located in Aquebogue, Suffolk County. On or about April 21, 2014, the plaintiff commenced this mortgage foreclosure action, alleging that the defendant had defaulted on payment obligations of the note. The note, which was endorsed in blank, was annexed to the complaint. The defendant interposed various affirmative defenses in his answer, alleging, among other things, that the plaintiff lacked standing to commence the action.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. The defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him for lack of standing and to compel discovery. The Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied those branches of the defendant's cross motion.
We agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against [*2]the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference. In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 651; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Where, as in this case, the plaintiff's standing has been placed in issue by reason of the defendant's answer, the plaintiff additionally must prove its standing as part of its prima facie showing (see Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 981; HSBC Bank USA, N.A. v Baptiste, 128 AD3d 773, 774). "A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644-645).
Here, the plaintiff established, prima facie, that it had standing by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note, which was endorsed in blank, to the summons and complaint at the time the action was commenced (see Bank of N.Y. Mellon v Adam P10tch, LLC, 162 AD3d 502, 502; Bank of Am., N.A. v Wheatley, 158 AD3d 736, 737; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 862-863; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842; Emigrant Bank v Larizza, 129 AD3d 904, 905). Contrary to the defendant's contention, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see UCC 3-204[2]). Further, where the note is affixed to the complaint, "it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362).
Additionally, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of the defendant's default in payment under the terms of the note (see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 863; HSBC Bank USA, N.A. v Baptiste, 128 AD3d at 774). In opposition, the defendant failed to raise a triable issue of fact (see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 863).
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court