U.S. Bank N.A. v Auguste (2019 NY Slip Op 04747)





U.S. Bank N.A. v Auguste


2019 NY Slip Op 04747


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-02305
2017-02306
 (Index No. 506979/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Marie Auguste, appellant, et al., defendants.


C. Steve Okenwa, P.C., New York, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Morgan R. McCord of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marie Auguste appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated January 3, 2017. The first order granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Marie Auguste and for an order of reference, and denied that defendant's cross motion to dismiss the complaint insofar as asserted against her. The second order also granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Marie Auguste, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed, with one bill of costs.
The defendant Marie Auguste borrowed the sum of $640,000 from nonparty First United Mortgage Banking Corp. (hereinafter First United) on September 14, 2006, secured by a mortgage on property in Brooklyn.
The plaintiff previously commenced an action to foreclose the mortgage on May 24, 2007. By order dated November 27, 2007, the Supreme Court directed dismissal of that action on the ground that the plaintiff failed to establish standing. The plaintiff had submitted a purported assignment of the mortgage, which was dated July 9, 2007, but stated that it was effective on November 22, 2006. The Court held that "such an attempt to retroactively assign the mortgage is insufficient to establish the plaintiff's ownership interest at the time the action was commenced."
The plaintiff commenced the instant action to foreclose the mortgage on July 29, 2014. The plaintiff attached the note to the complaint. The plaintiff further submitted an allonge to the note, signed by the president of First United, endorsing the note in blank.
The plaintiff moved for summary judgment on the complaint insofar as asserted against Auguste and for an order of reference. Auguste cross-moved to dismiss the complaint insofar as asserted against her as time-barred and based on lack of standing. By order dated January 3, 2017, [*2]the Supreme Court granted the plaintiff's motion for summary judgment and for an order of reference, and denied Auguste's cross motion to dismiss the complaint insofar as asserted against her. In another order, also dated January 3, 2017, the court also granted the plaintiff's motion for summary judgment and appointed a referee to ascertain and compute the amount due to the plaintiff. Auguste appeals from both orders.
We agree with the Supreme Court's denial of that branch of Auguste's cross motion which was to dismiss the complaint insofar as asserted against her as time-barred. A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Acceleration occurs, inter alia, "when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Milone v US Bank N.A., 164 AD3d 145, 152; see Clayton Natl. v Guldi, 307 AD2d 982, 982). "[A]n acceleration of a mortgaged debt, by either written notice or the commencement of an action, is only valid if the party making the acceleration had standing at that time to do so" (Milone v US Bank N.A., 164 AD3d at 153).
Auguste contends that the commencement of the prior action in 2007 accelerated the debt, and that the commencement of the instant action, seven years later, was beyond the statute of limitations. Where, as here, the prior action is dismissed on the ground that the plaintiff lacked standing, the purported acceleration is a nullity, and the statute of limitations does not begin to run at the time of the purported acceleration (see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593). Thus, we agree with the Supreme Court's determination that the commencement of the prior action in 2007 did not accelerate the debt, and that the instant action was timely.
We also agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against Auguste, and for an order of reference. "In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of the default in payment" (Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862). Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing that it is entitled to summary judgment (see US Bank N.A. v Cohen, 156 AD3d 844, 845). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see U.S. Bank, N.A. v. Collymore, 68 AD3d 752, 753-754). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, contrary to Auguste's contention, the plaintiff established, prima facie, that it had standing to prosecute this action by demonstrating that it was in physical possession of the note and the blank-endorsed allonge, which were annexed to the complaint, at the time this action was commenced (see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 862-863; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Moreover, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it (see UCC 3-204[2]). Moreover, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645).
In view of the foregoing, Auguste's remaining contention has been rendered academic.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court