JPMorgan Chase Bank, Natl. Assn. v Escobar (2019 NY Slip Op 08181)





JPMorgan Chase Bank, Natl. Assn. v Escobar


2019 NY Slip Op 08181


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-04101
 (Index No. 12565/13)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Rosa C. Escobar, etc., appellant, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Gross Polowy LLC, Westbury, NY (Stephen J. Vargas and Alexandria Kaminski of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rosa C. Escobar appeals from an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), dated August 29, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer and affirmative defenses, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2006, the defendant Rosa C. Escobar (hereinafter the defendant) executed a note in the sum of $254,900 in favor of JPMorgan Chase Bank, N.A., for a loan that was secured by a mortgage on real property located in Bay Shore. The mortgage was subsequently assigned to Mortgage Electronic Registration Systems, Inc., as nominee for Federal National Mortgage Association, and thereafter to JPMorgan Chase Bank, National Association (hereinafter the plaintiff).
In May 2013, the plaintiff commenced this mortgage foreclosure action, alleging that the defendant had defaulted on the payment obligations of the note. The note, which was endorsed in blank, was annexed to the complaint. The defendant interposed various affirmative defenses in her answer, alleging, among other things, that the plaintiff lacked standing to commence the action.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference. The Supreme Court granted those branches of the plaintiff's motion. The defendant appeals.
We agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of referee. "In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Cardona, 172 AD3d 1313, 1314; see Deutsche Bank Natl. Trust [*2]Co. v Logan, 146 AD3d 861, 862; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644). Where, as here, a plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must additionally prove its standing as part of its prima facie showing (see Deutsche Bank Natl. Trust Co. v Cardona, 172 AD3d at 1314; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 862). "A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 644-645 [internal quotation marks omitted]).
Here, the plaintiff established, prima facie, that it had standing by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint (see Deutsche Bank Natl. Trust Co. v Cardona, 172 AD3d at 1314; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 862; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 644), and the defendant does not refute that the note was attached. "There is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see UCC 3-204[2]; see also Deutsche Bank Natl. Trust Co. v Cardona, 172 AD3d at 1314; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 862). Further, where the note is affixed to the complaint, "it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362). Thus, the defendant's contention that the affidavits submitted by the plaintiff contained inadmissible hearsay is unavailing, as these submissions were not required under the circumstances to establish the plaintiff's standing (see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; cf. Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 584; Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 853).
The plaintiff further demonstrated its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of the defendant's default (see Deutsche Bank Natl. Trust Co. v Cardona, 172 AD3d at 1315; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645).
In opposition, the defendant failed to raise a triable issue of fact (see Deutsche Bank Natl. Trust Co. v Cardona, 172 AD3d at 1315).
The defendant's remaining contention, raised for the first time on appeal, is not properly before this Court.
SCHEINKMAN, P.J., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court