Federal Natl. Mtge. Assn. v Farkas (2020 NY Slip Op 00571)





Federal Natl. Mtge. Assn. v Farkas


2020 NY Slip Op 00571


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-01126 
2018-01127
 (Index No. 507465/14)

[*1]Federal National Mortgage Association, etc., respondent,
v
Rechama Farkas, appellant, et al., defendants.


The Mortner Law Office, New York, NY (Moshe Mortner of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Ellis Oster of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rechama Farkas appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated October 16, 2017. The orders, insofar as appealed from, upon reargument, in effect, vacated a prior order of the same court dated May 9, 2016, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rechama Farkas and for an order of reference, and granting the cross motion of the defendant Rechama Farkas to dismiss the complaint insofar as asserted against her for lack of standing, and thereupon granted those branches of the plaintiff's motion and denied the cross motion of the defendant Rechama Farkas.
ORDERED that the orders dated October 16, 2017, are affirmed insofar as appealed from, with one bill of costs.
On September 26, 2003, the defendant Rechama Farkas (hereinafter the defendant) executed a note in the sum of $413,100 in favor of Flagstar Bank, FSB, which was secured by a mortgage on certain real property located in Brooklyn. By assignment dated March 26, 2014, the mortgage was assigned to the plaintiff.
On August 14, 2014, the plaintiff commenced this action against, among others, the defendant to foreclose the mortgage. The defendant interposed an answer in which she asserted, among other things, that the plaintiff lacked standing. In an order dated May 9, 2016, the Supreme Court denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and granted the defendant's cross motion to dismiss the complaint insofar as asserted against her for lack of standing. Thereafter, the plaintiff moved for leave to reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference and its opposition to the defendant's cross motion. In two orders, both dated October 16, 2017, the court granted the plaintiff's motion for leave to reargue and, upon reargument, in effect, vacated the order dated May 9, 2016, and thereupon granted the aforementioned branches of the plaintiff's prior motion and denied the defendant's cross motion. The defendant appeals.
Upon reargument, the plaintiff established, prima facie, its standing as the holder of the note by demonstrating that the note was in its possession at the time it commenced the action, as evidenced by its attachment of the note endorsed in blank to the summons and complaint (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362; Bank of N.Y. Mellon v Hosein, 172 AD3d 798, 799; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862). Contrary to the defendant's contention, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 863). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination, upon reargument, to grant those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and to deny the defendant's cross motion to dismiss the complaint insofar as asserted against her for lack of standing. 
RIVERA, J.P., MALTESE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court