U.S. Bank N.A. v Dorns (2021 NY Slip Op 02332)





U.S. Bank N.A. v Dorns


2021 NY Slip Op 02332


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-12472
 (Index No. 504895/15)

[*1]U.S. Bank National Association, etc., appellant,
v
Adrienne Dorns, et al., defendants, City of New York Environmental Control Board, respondent.


Shapiro, DiCaro & Barak, LLC (Reed Smith, LLP, New York, NY [Andrew B. Messite and Kerren B. Zinner], of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Nwamaka Ejebe of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 4, 2018. The order, insofar as appealed from, in effect, upon renewal, adhered to a prior determination in an order of the same court dated June 14, 2017, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant City of New York Environmental Control Board and for an order of reference.
ORDERED that the order dated September 4, 2018, is reversed insofar as appealed from, on the law, with costs, and upon renewal, so much of the order dated June 14, 2017, as denied those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant City of New York Environmental Control Board and for an order of reference is vacated, and, thereupon, those branches of the plaintiff's prior motion are granted.
Insofar as is relevant to this appeal, in April 2015, the plaintiff commenced this action to foreclose a mortgage on residential property in Brooklyn, against, among others, the defendant New York City Environmental Control Board (hereinafter the defendant). The defendant answered and, in an amended answer, asserted various affirmative defenses, including that the plaintiff lacked standing.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In support of its motion, the plaintiff submitted the affirmation of its counsel, who attested that an attorney-certified copy of the endorsed note was attached to the complaint. In an order dated June 14, 2017 (hereinafter the June 2017 order), the Supreme Court denied the plaintiff's motion, determining, among other things, that there are issues of fact as to the plaintiff's standing.
In August 2017, the plaintiff moved for leave to renew its prior motion, inter alia, for summary judgment. In support, the plaintiff submitted the affirmation of the attorney who certified [*2]the copy of the note annexed to the complaint. The affirmation "certif[ied] and confirm[ed]" that the page following the note which contained the endorsement was actually the reverse side of the signature page of the note. By order dated September 4, 2018, the Supreme Court, in effect, granted renewal but, upon renewal, adhered to its prior determination in the June 2017 order. The plaintiff appeals.
Upon granting renewal, the Supreme Court should have granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. "In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of the default in payment" (Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862; see U.S. Bank N.A. v Auguste, 173 AD3d 930, 932-933). Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff must demonstrate its standing as part of its prima facie showing that it is entitled to summary judgment (see U.S. Bank N.A. v Auguste, 173 AD3d at 933; US Bank N.A. v Cohen, 156 AD3d 844, 845). A plaintiff can demonstrate that it has standing to maintain a mortgage foreclosure action where it has physical possession of the underlying note, properly endorsed, at the time the action is commenced (see U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452; U.S. Bank N.A. v Auguste, 173 AD3d at 933).
Here, the plaintiff established, prima facie, that it had standing to prosecute this action by demonstrating that it was in physical possession of the note with a properly endorsed allonge, annexed to the complaint, at the time this action was commenced (see U.S. Bank N.A. v Calabro, 175 AD3d at 1452; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 862-863).
The plaintiff also established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of the default in paying the mortgage (see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 863). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, upon renewal, the Supreme Court should have granted those branches of the plaintiff' prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
The defendant's remaining contention is without merit.
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court