Deutsche Bank Natl. Trust Co. v Fair-Willis

2026 NY Slip Op 02966

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., respondent,

v

Sharon Fair-Willis, etc., appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-06703, (Index No. 67680/22)

Betsy Barros, J.P.

Paul Wooten

Janice A. Taylor

James P. McCormack, JJ.

The Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.

Hinshaw & Culbertson LLP, New York, NY (Ronald H. Park and Sarah J. Greenberg of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Sharon Fair-Willis appeals from an order of the Supreme Court, Westchester County (Paul I. Marx, J.), dated January 26, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Sharon Fair-Willis.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In October 2022, the plaintiff commenced this action against, among others, the defendant Sharon Fair-Willis (hereinafter the defendant) to foreclose a mortgage on certain real property located in Mount Vernon. The defendant interposed an answer in which she asserted various affirmative defenses. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. In an order dated January 26, 2024, the Supreme Court, among other things, granted that branch of the motion. The defendant appeals.

A plaintiff may establish a payment default by an admission made in response to a notice to admit, by an affidavit from a person having personal knowledge of the facts, or by other evidence in admissible form (see Bank of N.Y. Mellon v Tedeschi, 240 AD3d 466, 468). Here, the plaintiff submitted an affidavit from Sherry Benight, a document control officer of Select Portfolio Servicing, Inc. (hereinafter SPS), the plaintiff's servicer. Benight averred that the date of default was May 1, 2018, and referred to an annexed "Financial Breakdown Summary," which included a loan payment history. The defendant's contention that the loan payment history was incomplete is improperly raised for the first time on appeal.

The loan payment history demonstrated that the due date was the first of the month, there was no payment made in April 2018, and a late payment was made on May 14, 2018. No payment was made thereafter. Thus, the plaintiff established, prima facie, the defendant's default in payment. In opposition, the defendant failed to raise a triable issue of fact.

"Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition [*2]precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Wilmington Sav. Fund Socy., FSB v Stein, 240 AD3d 830, 831 [internal quotation marks omitted]). Where, as here, a defendant raises the issue of compliance with RPAPL 1304 as an affirmative defense, the moving party is required to make a prima facie showing of strict compliance with RPAPL 1304 (see Wilmington Sav. Fund Socy., FSB v Stein, 240 AD3d at 831). Pursuant to RPAPL 1304(1), at least 90 days before a lender commences legal action against the borrower, including mortgage foreclosure, such lender shall give notice to the borrower, sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[2]; Wilmington Sav. Fund Socy., FSB v Stein, 240 AD3d at 831-832). "Compliance with these requirements can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wilmington Sav. Fund Socy., FSB v Stein, 240 AD3d at 832 [internal quotation marks omitted]). "Moreover, in order to establish entitlement to summary judgment, the plaintiff must show that it complied with any conditions precedent to commencing the action contained in the mortgage agreement itself" (U.S. Bank Trust, N.A. v Atedgi, 236 AD3d 707, 710 [internal quotation marks omitted]).

Here, in support of its motion, the plaintiff submitted, inter alia, Benight's affidavit along with an account history documenting SPS's mailings and copies of the notices with tracking numbers. Collectively, this evidence established, prima facie, that the plaintiff strictly complied with the requirements of RPAPL 1304 (see Wilmington Sav. Fund Socy., FSB v Stein, 240 AD3d at 832; U.S. Bank NA v Warsaw, 208 AD3d 919, 921). The plaintiff also established, prima facie, that it complied with the notice of default provisions of the mortgage agreement (see U.S. Bank Trust, N.A. v Atedgi, 236 AD3d at 710). In opposition, the defendant failed to raise a triable issue of fact.

A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). The plaintiff can establish standing by attaching a properly endorsed note to the complaint when commencing the action (see Star201, LLC v Duran, 233 AD3d 726, 727). As relevant here, the "indorsement must be . . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof" (UCC 3-202[2]; see Star201, LLC v Duran, 233 AD3d at 727). Here, Benight averred that the note is endorsed in blank on the back of the signature page and attached a copy of the note to her affidavit, and a copy of the note was annexed to the complaint. Benight further averred that the plaintiff, through SPS as its custodian, was in possession of the original note at the time the action was commenced. SPS verified possession of the original note on December 6, 2018. Benight attached an account history to the affidavit evidencing and confirming possession of the original note. Therefore, the plaintiff established, prima facie, that it had standing to commence this action (cf. Star201, LLC v Duran, 233 AD3d at 728; U.S. Bank N.A. v Dorns, 193 AD3d 903, 905). In opposition, the defendant failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.

BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court